HARRINGTON *v.* RIEFF.

Opinion delivered March 15, 1926.

VENDOR AND PURCHASER—WAIVER OF LIEN.—A stipulation in a deed conveying land that the vendor's lien is waived, and is "subject to a first mortgage lien not exceeding $12,000 thereof to be placed on the property," was a valid waiver in favor of a mortgage for $6,000 which was executed by the mortgagor and accepted by the mortgagee, but does not constitute a waiver in favor of certain mechanics' liens nor in favor of a mortgage for $6,000 which was executed by the mortgagor, but never accepted by the mortgagee.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

*D. K. Hawthorne,* for appellant.

*Carmichael & Hendricks,* for appellee.

McCULLOCH, C. J. The numerous appellees are separately engaged in selling building material, and they joined in this action in the chancery court of Pulaski County to enforce their several statutory liens against certain real estate in Little Rock for material furnished and used in the construction of a building thereon. Appellant has a vendor's lien on the same real estate for the balance of the purchase price, and the controversy in the case relates to the question of priority between the several liens.

Appellant was the owner of the real estate in question, and conveyed it to the present owner, Mrs. L. O. Fitzgerald, by deed dated April 11, 1924, reciting a total consideration of $9,000, of which $5,000 was paid in cash, and the balance of $4,000 was evidenced by fifty notes, payable monthly, for the sum of eighty dollars each. The deed contains an express reservation of lien for the unpaid purchase price, and also a stipulation in the following language: "The first lien on the property described herein is waived, and these notes are subject to a first mortgage loan not exceeding twelve thousand dollars thereof, to be placed on the property described in this instrument."

Mrs. Fitzgerald borrowed $6,000 from the People's Savings Bank, at Little Rock, and executed a mortgage to that institution to secure the repayment of the loan, and out of the funds so borrowed she made the cash payment of $5,000 to appellant as recited in the deed. Later, Mrs. Fitzgerald built the house on the lot and purchased material from appellees, aggregating $6,233.06 in price. Mrs. Fitzgerald, on August 30, 1924, executed another mortgage to the People's Savings Bank to secure the sum of $6,000, but this mortgage was never delivered and accepted.

Appellees filed their liens within the time prescribed by statute, and then instituted the present action to enforce the same, appellant being made a party on account of the lien reserved in his deed to Mrs. Fitzgerald. The chancery court rendered a decree declaring the lien of appellees to be superior to that of appellant, but subject to the mortgage lien of the People's Savings Bank for $6,000, and ordered a sale of the property for the purpose of discharging the debts in the order of priority named. The question presented on the appeal is whether or not the lien asserted by appellees comes within the release or waiver expressed by appellant in his deed to Mrs. Fitzgerald.

It will be noted from the language used that the release, or waiver, applies only to "a first mortgage loan not exceeding twelve thousand dollars thereof, to be placed on the property described in this instrument." It is conceded by all parties that the mortgage executed by Mrs. Fitzgerald to the People's Savings Bank for $6,000, borrowed money, is a valid lien, superior to all others, and it is not contended that Mrs. Fitzgerald ever borrowed any other funds or delivered any other mortgage. The contention of counsel for appellees in support of the decree is that the effect of the waiver or release was to give priority to any kind of lien to the extent of $12,000, at least a lien for the purchase of material to be used in building a house. The waiver is in writing, and its effect must be tested by the language used. The lienor had

the right to select the conditions upon which the waiver was to become effective, and he saw fit to describe in precise terms the kind of a lien which he agreed should be prior to his own lien as vendor. The language used prescribed as a condition that the lien should be in the form of a mortgage, and that it should be to secure a loan. It certainly cannot be claimed that the lien asserted by appellees was of the character or form prescribed in the waiver. Nor was it the same in substance, for the lien asserted by appellees is one allowed by statute, and must be enforced in the manner prescribed by the statute, whereas the terms of a mortgage lien are fixed by contract of the parties. There is a substantial difference between a mortgage lien, about which the parties may contract as to the length of time it is to run, and the lien of a mechanic or materialman. The balance of the purchase money was divided into monthly notes, and the terms of the mortgage for borrowed money might have allowed him sufficient time to collect the amount due him, but the enforcement of the lien of appellees before the maturity of his notes would force him, if their liens are given priority, to give up his priority and to pay off those liens. There is evidence in the record that appellant expected, if the loan was secured for the full amount of $12,000, to receive as much as $2,000 on his debt in addition to the cash payment, and this fact illustrates the reason why appellant should be permitted to waive in favor of a mortgage to secure a loan of money without extending it to any other kind of lien. The decree can find no support in the fact that Mrs. Fitzgerald subsequently executed a second mortgage to the People's Savings Bank. That mortgage was not accepted by the bank, and there was no loan of money made thereon; hence it has no effect at all in this controversy. Appellant's lien was superior to the liens asserted by appellees, and the chancery court erred in its decree to the contrary.

The decree is therefore reversed, and the cause is remanded with directions to enter a decree in accordance with this opinion.